HEINZE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. July 5, 1910.)

No. 311.

1. OBSTRUCTING JUSTICE (§ 4*)—SUBPŒNAS—RETURN—EVIDENCE.
   That a grand jury subpœna was indorsed by the marshal as of a particular day showing inability to find the witnesses does not show that the subpœna was returned that day, and hence that it had become functus officio the next day, when accused is charged to have impeded administration of justice by inducing a witness to flee.
   [Ed. Note.—For other cases, see Obstructing Justice, Dec. Dig. § 4.*]

2. OBSTRUCTING JUSTICE (§ 14*)—SUBPŒNAS—RETURN—EVIDENCE.
   In a prosecution for obstructing justice by inducing one to leave the country to avoid service of a grand jury subpœna, any presumption that an indorsement on the subpœna showing inability to find witnesses was a record of all the serving officer's doing is rebutted by testimony that he subsequently tried to find the witnesses.
   [Ed. Note.—For other cases, see Obstructing Justice, Dec. Dig. § 14.*]

3. OBSTRUCTING JUSTICE (§ 15*)—EVIDENCE—ADMISSIBILITY.
   In a trial for obstructing justice by inducing one to leave the country to avoid service of a grand jury subpœna, it was not reversible error to admit a telegram objecting to sending witness any more money though accused's responsibility for the telegram was not clearly established, accused having advanced expense money to witness; nor was it reversible error to admit a showing that witness evaded service before accused's intervention.
   [Ed. Note.—For other cases, see Obstructing Justice, Dec. Dig. § 15.*]

4. CRIMINAL LAW (§ 400*)—EVIDENCE—SECONDARY EVIDENCE—CIPHER TELEGRAMS.
   In a trial for obstructing justice by inducing one to leave the country to avoid service of a grand jury subpœna, it was proper to admit secondary evidence of the contents of a cipher telegram from the fugitive witness, where there was evidence that the telegram came into accused's possession.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 879–886; Dec. Dig. § 400.*]

5. OBSTRUCTING JUSTICE (§ 15*)—EVIDENCE—ADMISSIBILITY.
   In a trial for obstructing justice by inducing one to leave the country to avoid service of a grand jury subpœna, it was proper to admit testimony showing witness' presence within the jurisdiction when service was attempted and the efforts made.
   [Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 31; Dec. Dig. § 15.*]

6. OBSTRUCTING JUSTICE (§ 15*)—EVIDENCE—ADMISSIBILITY.
   In a trial for obstructing service of a subpœna in a grand jury investigation by inducing a witness to leave, testimony, concerning the removal of a company's books and occurrences in the company's office before issuance of the subpœna and involved in the investigation was admissible to show accused's knowledge of the investigation and of that which the witness could testify to as a motive for inducing him to leave, and it was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proper to show that in accused's presence his brother, the person investigated, asked witness if he had a good memory.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 31; Dec. Dig. § 15.*]

7. CRIMINAL LAW (§ 1053*)—REVIEW—EXCEPTIONS—NECESSITY FOR.
On review of a conviction conduct of the trial judge not excepted to cannot be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2261, 2265; Dec. Dig. § 1053.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Arthur P. Heinze was convicted of endeavoring to impede the administration of justice, and he brings error. Affirmed.

Writ of error to review a judgment convicting the plaintiff in error (hereinafter called the defendant) of a violation of section 5399 of the Revised Statutes (U. S. Comp. St. 1901, p. 3656), which reads as follows:

"Every person who corruptly, or by threats or force, endeavors to influence, intimidate, or impede any witness, or officer in any court of the United States, in the discharge of his duty, or corruptly, or by threats or force, obstructs or impedes, or endeavors to obstruct or impede, the due administration of justice therein, shall be punished by a fine of not more than five hundred dollars, or by imprisonment not more than three months, or both."

The indictment contains three counts, but the defendant was convicted upon the third count only. This count states, in substance, that there was pending before the grand jury of the Circuit Court for the Southern District of New York, at the May Term, 1909, an inquiry into charges against Fritz Augustus Heinze for a violation of the national banking act; that on May 21, 1909, a writ of subpœna was duly issued directed to Tracy S. Buckingham commanding him to appear before the grand jury on May 24, 1909, to testify in regard to said matter; that said writ was placed in the hands of a deputy marshal—Joseph J. Kumb—for service; that said Buckingham was then within the jurisdiction; and that the deputy marshal endeavored to serve the writ. The indictment then charges that the defendant, well knowing of the issuance of said writ, "unlawfully and corruptly did endeavor to impede the due administration of justice in the said court by then and there, and before the said Joseph J. Kumb had an opportunity to find and see the said Tracy S. Buckingham and serve the said writ upon him, knowingly, willfully, and corruptly advising and directing the said Tracy S. Buckingham to secure and conceal himself from and avoid the said Joseph J. Kumb and evade the service of the said writ upon him, and to depart from the said district in order to evade such service, all of which the said Tracy S. Buckingham, in pursuance of the said advice and direction of the said Arthur P. Heinze, immediately did—and by furnishing a sum of money, to wit, one hundred dollars, to the said Tracy S. Buckingham to assist and enable him to depart from the said district and go to the said foreign country."

The writ of subpœna which was duly introduced in evidence bore the following indorsement:

"I hereby certify that the within subpœna was served as follows: John Williams P. S., after due and diligent search I have been unable to find Tracy S. Buckingham, Frederick Eckstein and Geo. Baglin in my District.
"William Henkel, U. S. Marshal, S. D. N. Y.
"May 21/09."

---

Other material facts are stated in the opinion.

William Rand, Jr., for plaintiff in error.

Henry A. Wise, U. S. Atty., and Felix Frankfurter, Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge·(after stating the facts as above).    The defendant's principal contention is that the evidence failed to show that he impeded the administration of justice because:

(a) He did not act in the premises until after the writ of subpœna had been returned by the marshal and had thereby become functus officio.

(b) After the return of the writ there was nothing to·obstruct or impede.

This contention is based wholly upon the fact that the subpœna which was issued upon May 21, 1909, and required the attendance of Buckingham upon May 24th, bore the indorsement shown in the foregoing statement of facts.    The defendant contends that this indorsement established that the subpœna was returned to the clerk of the court upon May 21st—the day of its date—and consequently had become functus officio on May 22d—the day when, according to the testimony, the defendant induced Buckingham to leave the country.

We perceive no warrant for the defendant's contention.    There was no proof whatever that the subpœna was ever returned to the clerk. The indorsement was merely the record of the doings of the officer upon a particular day—the 21st—and any presumption which might arise that it constituted a record of all his doings with respect to the subpœna is rebutted by the testimony of the deputy marshal that upon the following day—the 22d—he again tried to serve it.    The indorsement, in and of itself, in no way affected the validity of the subpœna.

There was therefore no error in denying the motion to dismiss the indictment on account of the absence of proof that the writ of subpœna was outstanding at the time of the defendant's acts; and certainly there was no error in denying such motion upon the ground that the offense charged was not established in other respects.    The testimony, not objected to and not contradicted, showed ·beyond the slightest doubt that the defendant had sent Buckingham out of the country and had furnished him money with which to go out and stay out; had in the most flagrant manner attempted to obstruct and impede, and had obstructed and impeded, the administration of justice in a Circuit Court of the United States.    The sentence which the trial court saw fit to impose does not indicate the serious nature of the offense.

In this state of the proof it is unnecessary to examine at very great length the alleged errors in the admission of testimony.    If there were technical errors, the defendant could not have been prejudiced thereby. Thus, with positive and uncontroverted evidence that the defendant had induced Buckingham to go to Canada and had given him money for his expenses, there was no practical injustice in receiving a telegram objecting to sending more money, even if the defendant's responsibility for such telegram were not clearly established.    So, with the defend-

ant's own acts clearly shown, he was not harmed by the admission of evidence indicating that prior to his intervention Buckingham had himself evaded service. And the same is true with respect to the admission of other testimony to which objection is made.

But, while in case there were any technical errors in admitting testimony, we could hardly regard them as prejudicial, we are not at all satisfied that there were any such errors.

There was evidence to warrant the trial judge in finding that the cipher telegram came into the defendant's possession and secondary evidence of its contents was properly received. The telegram which Buckingham received was obviously a reply to the message which he sent, and we think it the better view that it was properly admitted as a reply telegram.

The testimony as to what took place when the deputy marshal attempted to serve the subpœna on May 21st was properly received. It showed Buckingham's presence within the jurisdiction at the time and the efforts made to serve the subpœna. We think that the trial court properly limited the scope and effect of this testimony.

The testimony concerning the removal of the books of the United Copper Company and the occurrences at the United Copper Company's office prior to the issuance of the subpœna tended to show the knowledge on the part of the defendant of the proceedings before the grand jury and of that which Buckingham could testify to if called as a witness and furnished the motive for sending him out of the jurisdiction. This testimony was properly received as well as the question of F. A. Heinze to Buckingham in the presence of the defendant: "Have you a good memory?"

Finally the defendant complains of the attitude of the trial court toward him. We are, however, unable to see that the defendant was substantially prejudiced by any act of the court, and anyway, as there are no exceptions in this regard, nothing is presented for us to determine.

The judgment of the Circuit Court is affirmed.