# DECISIONS

OF THE

# Court of Appeals of Kentucky

## FALL TERM, 1914

### Commonwealth v. Southern Express Company.

(Decided October 1, 1914.)

#### Appeal from Lincoln Circuit Court.

1. Obstructing Justice—Indictment—Sufficiency of Allegations.—Indictment for offense of obstructing justice held sufficient, it being alleged that an express company caused the removal of certain of its records from the jurisdiction of the court knowing that same would be called for by the grand jury, which removal was had for the purpose of hindering the grand jury in its investigations as to violations of law by the express company and others.

2. Witnesses—Privilege Against Self-crimination.—The constitutional privilege against self-crimination does not extend to corporations —nor may it be asserted by officers and agents thereof in the corporation's behalf. And a corporation cannot resist upon the ground of self-crimination, the demand of the state expressed in lawful process, confining its requirements within the limits which reason imposes in the circumstances of the case, that it produce before a grand jury its books and papers although they may contain evidence incriminating the corporation.

JAMES GARNETT, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellant.

CHARLES C. FOX for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The appellee, Southern Express Company, was indicted in the Lincoln Circuit Court, charged with the offense of obstructing justice.

The indictment alleges in substance that the grand jury of Lincoln County, which was empaneled at the

May term 1913 of the Lincoln Circuit Court, being about to engage in an investigation of violations of the prohibition against the unlawful sale, shipment and delivery of intoxicating liquors in said county, the defendant, Southern Express Company, knowing that certain of its books and papers contained evidence of the violation of the law in the respects mentioned, committed by itself and others, and knowing that such books and papers would be called for and required by the grand jury in such investigation, caused the removal of such books and papers from the county of Lincoln and State of Kentucky, for the purpose of hindering, obstructing and preventing such investigation by the grand jury, and thereby obstructed justice.

Defendant corporation demurred to the indictment and the circuit court sustained the demurrer upon the stated ground that the books and papers of defendant corporation, if produced before the grand jury, might result in criminating defendant corporation itself, for which reason the court held that the removal thereof did not constitute the offense of obstructing justice. From the judgment thereupon entered, discharging the defendant, the Commonwealth appeals.

It is admitted by the demurrer that the books and papers of the defendant corporation contain evidence of its violation of the law; and that it removed them from the jurisdiction of the court knowing they would be called for and required by the grand jury.

So the chief inquiry is, whether defendant corporation could have been required to produce and permit an inspection of its books and papers by the grand jury, if such books and papers had been permitted to remain within the jurisidiction of the court; and the answer to this inquiry is controlling upon a consideration of the question whether the removal thereof from the jurisdiction of the court constituted an act in obstruction of justice, for the reason that unless the production thereof could lawfully have been coerced by the grand jury, the removal of such books and papers from the jurisdiction of the court would not be such an act as would subject defendant corporation to a conviction of the charge set out in the indictment. Unless the production of its books and papers could lawfully have been coerced, their removal from the jurisdiction of the court is immaterial.

1.    Where the books and papers of an individual citizen contain evidence incriminating him, he can not be

required to exhibit the contents thereof to the grand jury any more than he could be required to incriminate himself by word of mouth; but, in order that he may be entitled to assert the privilege against self-crimination guaranteed to him by section eleven of the Constitution of the Commonwealth of Kentucky and by the fifth amendment to the Constitution of the United States, he must appear in person in the court out of which the subpoena issued, with the books and papers in his present possession, rendering himself amenable to the authority of the court, and tendering and offering himself and his books and papers for examination and inspection by the court, so that the court may determine for itself whether the contents of such books and papers are of a criminating nature. This being done, the Constitution throws around the individual citizen the sheltering guaranty against self-crimination. But the individual citizen may not resolve himself into a court and himself determine and assert the criminating nature of the contents of books and papers required to be produced. U. S. v. Collins. 146 Fed., 553; Bollman v. Fagin, 200 U. S., 195; Consol. Ren. Co. v. Vermont, 207 U. S., 541. See also 24 L. R. A. (N. S.), 165.

2. But the constitutional privilege against self-crimination does not extend to corporations; and had defendant company permitted its books and papers to remain within the jurisdiction of the Lincoln Circuit Court, such books and papers could have been required to be produced before the grand jury. This could have been done by subpoena *duces tecum ad testificandum* directed to the agent of the corporation having possession of such records, or by a subpoena *duces tecum* without the *ad testificandum* clause, the subpoena being directed to the corporation itself and served upon the proper agent. It was so held in Wilson v. United States, 221 U. S., 361, 55 L. Ed., 771, in which the court said:

"Where the documents of a corporation are sought the practice has been to subpoena the officer who has them in his custody; but there would seem to be no reason why the subpoena *duces tecum* should not be directed to the corporation itself. Corporate existence implies amenability to legal process."

The court, in that case, further said:

"What then is the status of the books and papers of a corporation which has not been created as a mere in-

strumentality of government, but has been formed pursuant to voluntary agreement, and hence is called a private corporation? They are not public records in the sense that they relate to public transactions, or in the absence of particular requirements are open to general inspection, or must be kept and filed in a special manner. They have reference to business transacted for the benefit of the group of individuals whose association has the advantage of corporate organization. But the corporate form of business activity, with its chartered privileges, raises a distinction when the authority of government demands the examination of its books. That demand, expressed in lawful process, confining its requirements within the limits which reason imposes in the circumstances of the case, the corporation has no privilege to refuse. It can not resist upon the ground of self-crimination. Although the object of the inquiry may be to detect abuses it has committed, to discover its violations of the law, and to inflict punishment by forfeiture of franchises or otherwise, it must submit its books and papers to duly constituted authority when demand is suitably made. This is involved in the reservation of the visitatorial powers of the State and in the authority of the National Government where the corporate activities are in the domain subject to the powers of Congress." See also U. S. v. American Tobacco, 146 Fed., 557; In re American Sugar Refining Company, 178 Fed., 109.

3. And not only are corporations excluded from the assertion of the constitutional privilege against self-crimination, but such privilege may not be claimed for the corporation by its officers and agents. The privilege is purely a personal one. McAlister v. Henkel, 201 U. S., 90, 50 L. Ed., 671, 26 S. C. Rep., 385.

It follows, therefore, that as the constitutional privilege against self-crimination does not extend to corporations, had defendant corporation permitted its books and papers to remain within the jurisdiction of the Lincoln Circuit Court, that court could have compelled the company to produce them for the inspection of the grand jury even though they contained evidence incriminating the corporation itself; and under this state of the law, the removal of such records, knowing they would be called for and required by the grand jury, and for the purpose of obstructing an investigation by the grand jury constituted the offense of obstructing justice.

4. Nor is the fact that at the time of such removal of the books and papers, there was no subpoena issued against the company requiring the production of its books and papers before the grand jury, a valid objection to the sufficiency of the indictment.

As was said by this court in Commonwealth v. Berry, 141 Ky., 477:

"It will not do for a moment to admit that the respondent might anticipate the officers of justice and secrete, bribe, or intimidate the State witnesses from attending the trial of public prosecutions and not be liable for any act done, until a subpoena had been legally served upon the witness. This view will leave untouched the most corrupting field for offenses of this character." Cited from State v. Keyes (Vt.), 30 Am. Dec., 455. See also State v. Horner (Del.), 1 Marv., 511; State v. Holt, 84 Me., 509; State v. Desforges, 47 La., 1201; State v. Bringgold, 40 Wash., 20.

Judgment reversed; whole court sitting.