### BOSSELMAN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

No. 24.

1. OBSTRUCTING JUSTICE ⊕⇒15—EVIDENCE—ADMISSIBILITY—INDICTMENT.

In a prosecution for obstructing justice by causing alteration of books material to an inquiry by the grand jury, the indictments found by the grand jury in that inquiry are admissible to show what subject it was investigating.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 31; Dec. Dig. ⊕⇒15.]

2. CRIMINAL LAW ⊕⇒508(1)—EVIDENCE—TESTIMONY OF ACCOMPLICE—NECESSITY OF CORROBORATION.

Though defendant's employés, who altered his books under his direction, were accomplices, they were competent witnesses in the federal courts, even if their testimony was uncorroborated.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1099, 1100, 1103, 1112; Dec. Dig. ⊕⇒508(1).]

3. CRIMINAL LAW ⊕⇒780(1)—INSTRUCTIONS—TESTIMONY OF ACCOMPLICE.

It is not necessary to give the usual and proper instruction cautioning jurors against convicting upon the uncorroborated testimony of an ac-

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

complice, where the accomplices, though called by the government, testified favorably to defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1859; Dec. Dig. ☞780(1).]

4. OBSTRUCTING JUSTICE ☞16—EVIDENCE—SUFFICIENCY.

In a prosecution for obstructing justice by causing alterations in the books of defendant concerning a matter under inquiry by the grand jury, evidence *held* sufficient, though circumstantial, to sustain a conviction.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 32; Dec. Dig. ☞16.]

5. CRIMINAL LAW ☞1054(1)—APPEAL—EXCEPTIONS—NECESSITY.

Where a witness called by the government testified so favorably for the defendant that the prosecuting attorney was properly permitted to cross-examine her, the conviction will not be reversed for permitting him to read extracts from her testimony before the grand jury, where that testimony was made contemporaneously with the matters testified about, so that it could have been read to the witness to refresh her recollection, and no exception was taken to reading those extracts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2662; Dec. Dig. ☞1054(1).]

6. OBSTRUCTING JUSTICE ☞5—JUDICIAL PROCEEDINGS—EVIDENCE BEFORE GRAND JURY—"CORRUPTLY."

Any attempt by one whose conduct was being investigated by the grand jury to obstruct such investigation, by causing his employés to alter entries in his books, is "corruptly" impeding justice, within Criminal Code (Act March 4, 1909, c. 321) § 135, 35 Stat. 1113 (Comp. St. 1913, § 10305), though no bribery accompanied it.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 14; Dec. Dig. ☞5.

For other definitions, see Words and Phrases, First and Second Series, Corruptly.]

7. OBSTRUCTING JUSTICE ☞15—ADMISSIBILITY OF EVIDENCE.

In a prosecution for obstructing justice, by altering books material to investigation by the grand jury of the charge that defendant had shipped obscene statues, those statues were admissible in evidence to show the motive in making the alterations.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 31; Dec. Dig. ☞15.]

In Error to the District Court of the United States for the Southern District of New York.

Andreas C. Bosselman was convicted of corruptly influencing, obstructing, and impeding the due administration of justice, by directing and requesting others to make certain erasures, changes, and insertions in his books and records, material to a matter under inquiry by the grand jury, and he brings error. Affirmed.

Pratt, Koehler & Boyle, of New York City (Addison S. Pratt and Francis E. Hamilton, both of New York City, of counsel), for plaintiff in error.

H. Snowden Marshall, of New York City (F. E. Carstarphen and Joseph A. Burdeau, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is a writ of error to a judgment of conviction upon an indictment charging that the defendant, in violation of section 135, U. S. Criminal Code, had corruptly influenced, obstructed, and impeded the due administration of justice by directing and requesting one Wieland and one Barberi to make certain erasures, changes, and insertions in the books and records of Andreas C. Bosselman & Co. material to a matter under inquiry by the grand jury. The section reads:

"135. Whoever corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or officer acting as such commissioner, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or officer acting as such commissioner, in the discharge of his duty, or who corruptly or by threats or force, or by any threatening letter or communication, shall influence, obstruct, or impede, or endeavor to influence, obstruct, or impede, the due administration of justice therein, shall be fined not more than one thousand dollars, or imprisoned not more than one year, or both."

Andreas C. Bosselman & Co. is a corporation of which the defendant at the time in question was president and treasurer. Between March 10 and 24, 1914, the grand jury had under consideration two indictments against him, the first charging him with a conspiracy to commit an offense against the United States in violation of section 37 of the United States Criminal Code (Comp. St. 1913, § 10200), by importing certain obscene bisque figures, and the second charging him with the shipment to Florida of certain obscene bisque figures, in violation of section 245, U. S. Criminal Code (section 10415). These two indictments were found by the same grand jury at the same session which found the indictment on which the defendant was tried.

[1] At the opening of the trial the United States Attorney offered these two indictments in evidence, and they were admitted by Judge Sessions over the defendant's objection and exception, for the purpose of showing what subject the grand jury were investigating at the time when the defendant was charged with corruptly impeding the administration of justice. We see no error in this. The Bosselman Company's salesmen forwarded orders taken by them on the road to the office in New York. The stenographer there made two copies of every order, one of which was kept by the bookkeeper and the bill to the customer prepared from it, and the other was given to the shipping clerk to enable him to make proper entries of shipment in the shipping book.

Sales of the figures in question to three separate customers in Florida were proved. Clara Wieland, the bookkeeper, in pursuance of a subpœna duces tecum served upon her, produced before the grand jury the Bosselman Company's shipping book and sales lists, upon which erasures and changes appeared in the entries relating to these three orders. The original bills in two of the sales lists called expressly for these figures; the bill in the case of the third sale had been lost. It also appeared that changes in the shipping book were made by Barberi, the shipping clerk, while the grand jury were investi-

gating; but in respect to the changes in the sales lists the bookkeeper, Miss Wieland, did not think she had made them at that time, but thought that she must have done so when she was posting, after making out the bill or checking up stock, and before she was called as a witness by the grand jury. She testified directly, and Barberi by necessary implication, that the defendant did not direct or request the alterations to be made while the grand jury was in session.

[2, 3] It is objected that these witnesses were accomplices, and therefore that the court should have charged the jury to give no credence to their testimony, being uncorroborated. As they could have been indicted for the same offense for which the defendant was being tried, they were accomplices; but an accomplice is a competent witness in the federal courts, even though his testimony be uncorroborated. It is usual and proper for courts to caution jurors against convicting a defendant upon the uncorroborated testimony of an accomplice. This, however, is not essential. Diggs v. United States, 220 Fed. 545, 136 C. C. A. 147. Such a caution would have been entirely out of place in this case, because these witnesses, though called by the government, testified throughout favorably to the defendant.

[4] The defendant further insists that, the proof against him being altogether circumstantial, a verdict should have been directed by the court in his favor. If men could not be convicted upon circumstantial evidence, many, if not most, serious offenses would go unpunished. In this case a very persuasive body of circumstantial testimony was proved. The sales lists and the shipping book of the Bosselman Company were altered, so far as appears, only in connection with the entries concerning the three sales as to which charges against the defendant were under investigation by the grand jury. The alterations were made by employés who had no personal interest in the matter whatever, and were made by two clerks who had charge of different stages in the course of business. It is difficult to believe that this was done independently and accidentally. The defendant being the only person having any interest in having the alterations made, we cannot say the verdict was not sustained by substantial proof. The jury were correctly instructed that they must be satisfied beyond a reasonable doubt of the defendant's guilt.

[5] The testimony of Miss Wieland at the trial was so favorable to the defendant that the United States Attorney cross-examined her. This he was entitled to do in the case of a hostile witness. But the defendant claims he had no right to read to her extracts from her testimony before the grand jury. It is to be noted, however, that the defendant took no exception to this. It would have been permissible for the government to refer to this testimony for the purpose of refreshing the recollection of the witness, provided the testimony was given contemporaneously with the matters inquired about. Putnam v. United States, 162 U. S. 687, 16 Sup. Ct. 923, 40 L. Ed. 1118. As the subject of inquiry was in respect to alterations claimed to have been made between March 10th and 24th and the testimony was given between those dates, we think the notes of the testimony were contemporaneous within the above decision.

The witness stood by her testimony as given at the trial, so that the

effect of the examination was to disclose an inconsistency going to her credibility. But the defendant insists that the court treated these extracts from her testimony before the grand jury as substantive proof of the facts there testified to. We see no evidence of this in the record. If the defendant had asked the court to charge the jury that such testimony was not to be treated by them as anything but showing inconsistency going to the credibility of the witness, there is no reason to doubt that he would have done so.

[6] It is further insisted that, even if the defendant did ask or direct Barberi and Miss Wieland to make the alterations, there is no evidence that he did so "corruptly" within the meaning of the statute; that is, by bribery. The word "corruptly" is capable of different meanings in different connections. As used in this particular statute, we think any endeavor to impede and obstruct the due administration of justice in the inquiries specified is corrupt. To construe the acts as requiring that such an effort should be accompanied by payment or promises of payment of money would quite unreasonably restrict the obvious purpose of the legislation.

[7] Finally, it is objected that the court erred in allowing specimens of the bisque figures to be put in evidence. It is said that, if the erasures had been made in connection with entries as to bolts of cotton or cars of coal, the court would not have permitted any examination of the circumstances attending the sale, or the production of samples of the cotton or coal. This may be entirely true. When, however, the entries involved articles alleged to be obscene, the production of the articles threw light upon the motive in making the erasures.

The judgment is affirmed.

