### ROSNER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 1, 1926.)

No. 216.

1. **Obstructing justice** ⊂═1.

One may "obstruct justice" by merely failing to aid, but to "obstruct administration of justice" requires something more than nonaction.

2. **Obstructing justice** ⊂═1.

"Administration of justice" means performance of acts or duties required by law in discharge of duty.

3. **Obstructing justice** ⊂═6—**Advising another to disregard letter of district attorney requesting him to plead to information is not obstructing due administration of justice (Penal Code, § 135 [Comp. St. § 10305]).**

Advising another to disregard letter of United States attorney requesting him to plead to information is not obstructing due administration of justice in violation of Penal Code, § 135 (Comp. St. § 10305).

In Error to the District Court of the United States for the Eastern District of New York.

Morris Rosner was convicted of attempting to obstruct due administration of justice in violation of Penal Code, § 135 (Comp. St. § 10305), and he brings error. Reversed.

Penal Code, § 135 (Comp. St. § 10305), declares:

"Whoever * * * corruptly * * * shall influence, obstruct, or impede, or endeavor to influence, obstruct, or impede the due administration of justice therein [i. e., in any court of the United States or before any United States commissioner] shall be fined * * * or imprisoned * * * or both."

The indictment found under this statute accuses Rosner, in that he "did unlawfully, knowingly, fraudulently, and feloniously corruptly influence, obstruct, and impede the due administration of justice in the District Court" for the Eastern District of New York.

The manner of his wrongdoing is thus set forth:

"One Louis Miller was arrested on a charge of [possessing intoxicating liquors and maintaining a common nuisance, and was] * * * duly held for trial * * * in the United States District Court. An information was duly filed charging that Louis Miller did [possess said liquor and maintain said nuisance]. Thereafter said United States attorney for the Eastern district of New York sent a written notice to the said Louis Miller requiring him to appear in person before [the said court on a day certain] and plead to the information hereinbefore referred to. That the said notice was duly received by the said Louis Miller. That the defendant thereupon called upon the said Louis Miller and told him to give him, the defendant, said notice, and further said that he would fix it up with the United States attorney's office, if he, the said Louis Miller, would give him, the defendant, $150; and he further advised, instructed, and directed said Louis Miller not to appear before said court" on the day appointed.

Miller did not go to court. There is no evidence that Rosner attempted to do anything for Miller, whereupon Miller complained to the authorities, and Rosner was indicted.

At the trial, motion was made in arrest of judgment and denied. Sentence followed, and this writ was taken.

Ferris, Shepard, Joyce & McCoy, of New York City (John E. Joyce, of New York City, of counsel), for plaintiff in error.

William A. DeGroot, U. S. Atty., of Brooklyn, N. Y. (Howard Osterhout, Asst.

U. S. Atty., of Mineola, N. Y., of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Reduced to its lowest terms this indictment charges that the United States attorney wrote a note to Miller, requesting or directing him to come down to the courthouse and plead to an information lately filed against him. Rosner advised Miller not to go, and Miller obeyed the suggestion; therefore Rosner is said to be guilty under the quoted section of the Penal Code.

The turpitude of Rosner, and the dirtiness of the whole business, is quite immaterial. Rosner may have said, in effect, that he would bribe somebody, and he quite probably obtained money under false pretenses, but with neither of these offenses is he charged. Our question is whether to advise disobedience for any reason, or no reason, to such a request, constitutes an obstruction of, or an endeavor to obstruct, the "due administration of justice" in the District Court for the Eastern District of New York.

[1] First we note that there is a difference between obstructing justice, and obstructing the administration of justice. One may obstruct justice by merely failing to aid, but to obstruct any *administration* requires something more than nonaction.

It must be admitted as immaterial that this request was in writing. The United States attorney might just as well have telephoned it, or personally or by deputy said to Miller, "I ask you to plead in court on" such a day. Admittedly, also, no letter such as the one described in the indictment is process, nor is it specifically authorized by any statute of the United States.

If it constitutes an obstruction to the administration of justice to advise a defendant not to accede to the request of such a letter, it must be equally an obstruction of administration to refuse to obey a request, if personally conveyed by word of mouth, or through the telephone. We think the foregoing reduces the matter to an absurdity; to say that one accused of crime commits another crime by declining voluntarily to attend court and plead is intolerable.

It is doubtless more convenient in many cases to write a note, rather than pursue the way laid down by tradition and statute, and send a deputy marshal with a warrant out to Hempstead (where Miller lived) and bring him in to Brooklyn. But convenience does not rule, and we find no warrant of law for a United States attorney asserting that he administers justice when he writes notes, or for using this statute to give to his notes or verbal requests the quality of process.

[2] Nor is there any authority compelling the result demanded by defendant in error. "Administration," standing alone, is the conducting of an office or employment. Cent. Dict. But the administration of *justice* means the "performance of acts or duties required by the *law* in discharge of their duty." Belo v. Lacy (Tex. Civ. App.) 111 S. W. 215.

The statutory words, "due administration of justice," have been considered from various angles: In Wilder v. United States, 143 F. 433, 74 C. C. A. 567, as meaning free and fair opportunity to learn what any litigant may desire to know concerning the material facts in any litigation; in Sharon v. Hill (C. C.) 24 F. 726, as a statute penalizing the carriage of deadly weapons into a courtroom by counsel or parties; in Astwood v. United States (C. C. A.) 1 F.(2d) 639, as one forbidding the sureties on a bail piece to corruptly advise and procure the accused not to appear, as provided in the bail piece. And 1 C. J. 1239, has adopted from an early case the statement that the administration of justice "includes everything connected with the determination of the rights of persons and property, every agency provided by *law* for the accomplishment of that purpose, and every step in the proceeding * * * according to the established law of the land."

[3] But none of these cases, nor Pettibone v. United States, 13 S. Ct. 542, 148 U. S. 197, 37 L. Ed. 419, which by syllabus holds that one is not sufficiently charged with obstructing the administration of justice, "unless it appear that he knew or had notice that justice was being administered in that court," has any direct bearing on this case. The matter is one of first impression, old as is the statute. Upon reason, however, we have no doubt that, since a disregard by Miller of an oral request by the United States attorney would not have been obstructing the administration of justice, because justice is not administered that way, so advising Miller to disregard substantially the same request is not a violation of the statute.

The motion in arrest should have been granted. The indictment charged no crime.

Judgment reversed.