**UNITED STATES v. FREIDEL et al.**

No. 133.

Circuit Court of Appeals, Second Circuit.

Dec. 29, 1941.

Arthur N. Field, of New York City, for appellant Green.

George Wolf, of New York City, for the appellant Freidel.

Mathias F. Correa, U. S. Atty., and David L. Marks, Asst. U. S. Atty., both of New York City, for the appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

There is nothing of any consequence in this appeal except the sufficiency of the evidence. The defendant Green asks us to hold that his activities were only those of an informer, and that the evidence permitted no other conclusion than that, when he took money from the bootleggers, he was only cheating them, and had no purpose to obstruct their prosecution. It is not altogether clear just what the defendant Freidel does assert, unless it be that the jury should have accepted his story. The testimony of Myers alone was enough to convict both. This was that Green came to Myers wishing to find an intermediary to get off three of the Shrub Oak bootleggers. Myers disclaimed any such power, but introduced Green to Freidel who said that he could as a favor ask Backer, the assistant in charge, to let off these men. Thereupon Green shared some of the money he got from the bootleggers with both Myers and Freidel. The transaction took substantially the same form in the Marsala case. If the jury chose to believe Myers, Green's explanation was false, even if he were then an informer for the Treasury. An informer who is not seeking leniency for criminals does not employ, and share his gains with, a third person whom he asks to intercede with their prosecutors. If Green was merely cheating the bootleggers, he would have kept the money, and presumably would have done nothing at all, since it would spoil his future market to bring the case to the prosecutor's attention. Or, if he were willing to spoil that market by doing his duty as an informer, he would have gone directly to the prosecutor himself. To employ Freidel to act as an intermediary completely contradicts his excuse. So far as we can see, Freidel has no explanation. Possibly he means that the kind of influence which Myers said that he was

to exert on the prosecutor was not criminal. If so, we have answered the argument in United States v. Polakoff, 2 Cir., 121 F.2d 333.

The objection to the cross-examination of the character witness we have dealt with in United States v. Gruber, 2 Cir., 123 F.2d 307.

Judgment affirmed.