UNITED STATES of America,

v.

Martin SOLOW, Defendant.

United States District Court
S. D. New York.
Feb. 17, 1956.

Paul W. Williams, U. S. Atty., New York City, Thomas A. Bolan, New York City, of counsel, for the United States.

O. John Rogge, New York City, Rogge, Fabricant, Zucker & Gordon, Philip Wittenberg, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The defendant moves to dismiss for failure to state an offense[1] an indictment which charges him with having corruptly obstructed and endeavored to obstruct and impede the due administration of justice in violation of 18 U.S.C. § 1503. In brief, the basis of the charge is the destruction by the defendant of four letters to prevent their production before a pending grand jury investigation.

The indictment alleges that a grand jury in this District was conducting an investigation to determine whether (1) one Matusow had committed perjury in executing two affidavits recanting testimony previously given by him during two separate and unrelated trials; (2) he had committed perjury in either or both of those trials; and (3) a conspiracy existed to influence Matusow to commit perjury and to obstruct justice by executing either or both of the said recanting affidavits.

The indictment further alleges: that the defendant knew the grand jury was conducting the aforesaid investigation; that he knew of the existence in the files of the magazine "The Nation" of four specified letters relating to meetings between employees of The Nation and Matusow during which the subject of the latter's testimony as a witness for the United States was discussed; that such correspondence was material and relevant to the investigation being conducted by the grand jury; that he had reason to believe and did believe that he would be called as a witness before the

---

1. Rule 12(b) (2), Federal Rules of Criminal Procedure, 18 U.S.C.

grand jury and that the production of the correspondence would be ordered by it; that on March 16, 1955 the defendant "appearing before said Grand Jury pursuant to subpoena", was ordered to produce all of said items of correspondence; that he wilfully and corruptly destroyed them to prevent their production before the grand jury. The offense is alleged to have occurred between February 8, 1955 and March 16, 1955.

The Government has stipulated that no subpoena was served upon the defendant and that his appearance before the grand jury on March 16, 1955 was pursuant to a telephonic request made on the previous day by an Assistant United States Attorney, acting for the grand jury.

The defendant's attack upon the indictment, in part at least, is based upon the non-service of a subpoena duces tecum for the production of the correspondence. His contention is that the "due administration of justice" requires observance of procedural due process; and as stated in his brief, "unless and until a citizen is, by regular process, under obligation to produce and therefore preserve documents, he cannot be guilty of obstruction for failing to preserve such documents." In sum, the substance of his position is that, absent the service upon him of a subpoena for the production of documents, justice is not being administered and he could not have obstructed the "due administration of justice" by the destruction of the documents. This argument plainly overlooks the all-inclusive scope of the statute.

■ Section 1503 of Title 18 denounces various activities aimed at interfering with the due administration of justice. It condemns one who (1) corruptly, or by threats, force, threatening letter or communication, endeavors to influence, intimidate, or impede a witness, juror or officer; (2) injures (a) any party or witness on account of his attending or testifying in any proceeding enumerated in the statute; (b) any juror on account of any verdict or indictment assented to or participated in by him; (c) any officer, commissioner, or other committing magistrate on account of the official performance of his duties. These provisions bring within their reach those who seek to obstruct the administration of justice by efforts upon witnesses, jurors or officers.

■ But there is a further portion of the statute, an omnibus provision, directed towards "whoever * * * corruptly * * * obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice * * *." This latter provision, under which the defendant has been indicted, is all-embracing and designed to meet any corrupt conduct in an endeavor to obstruct or interfere with the due administration of justice.[2]

Counsel have not cited, nor has research by the Court disclosed, any federal case directly on all fours with the instant one. There are, however, ample federal authorities of analogous situations relating to witnesses and jurors and state authority upon the precise situation which negates the defendant's contention.

■ Thus where the charge of obstruction is bottomed upon that part of § 1503 which condemns interference with a witness, it is well established that it is not necessary that the witness be under subpoena;[3] the test is whether the defendant had knowledge or notice or information that the person he endeavored to intimidate or interfere with was or intended to be a witness either voluntarily or under subpoena in a pending matter and that it was because of such status

2. Cf. Catrino v. United States, 9 Cir., 176 F.2d 884, 887; Samples v. United States, 5 Cir., 121 F.2d 263, 265.

3. Smith v. United States, 8 Cir., 274 F. 351, 353; Heinze v. United States, 2 Cir., 181 F. 322, 324; Kloss v. United States, 8 Cir., 77 F.2d 462, 464; Walker v. United States, 8 Cir., 93 F.2d 792, 795; Samples v. United States, 5 Cir., 121 F.2d 263, 266. See also Kilpatrick v. State, 72 Ga.App. 669, 34 S.E.2d 719, 721.

that the defendant corruptly endeavored to influence the witness.[4] Similarly, under the provision interdicting corrupt conduct toward a juror, the Supreme Court sustained a conviction where the action occurred before the juror had been selected or sworn.[5]

Commonwealth v. Southern Express Co., 160 Ky. 1, 169 S.W. 517, 518, L.R.A. 1915B, 913, is direct authority on the issue raised by the defendant. There the Kentucky Court of Appeals upheld the sufficiency of an indictment charging obstruction of justice by the removal of corporate books outside the jurisdiction where it was known[6] they would be called for by the grand jury even though no subpoena had been issued for their production prior to their removal. The Kentucky Court of Appeals cited no statute but apparently considered the offense to be indictable at common law.[7] Significantly the Supreme Court in Brown v. United States, 276 U.S. 134, 144–145, 48 S.Ct. 288, 291, 72 L.Ed. 500, cited and quoted with approval from Southern Express Co. on the point that " 'the individual citizen may not resolve himself into a court and himself determine and assert the criminating nature of the contents of books and papers required to be produced.' "

■ Since an indictment may be grounded for obstructing justice under § 1503 where a witness or juror has been interfered with, even though no subpoena has been served upon the former and no oath of office has been administered to the latter, there appears to be no logical basis on which to treat differently any obstruction or any endeavor to obstruct justice by the destruction of documents required before a pending grand jury investigation where a party in control of the documents has consented to appear without the service of formal process.[8] The broad scope of the statute and the evils it sought to combat fully warrant this conclusion, especially so when it is considered that it was the "outgrowth of Congressional recognition of the variety of corrupt methods by which the proper administration of justice may be impeded or thwarted * * * [which are] limited only by the imagination of the criminally inclined." [9]

Just as many witnesses testify without the service of a subpoena or other process, so it is not infrequent that a witness will appear and produce documents without formal process.[10] To uphold the narrow construction urged by the defendant would devitalize the statute and destroy the effectiveness of grand jury inquiries. No longer could persons be relied upon voluntarily to produce records unless the Government was prepared to run the risk that an investigation might be thwarted because of non-service of process, with the obstructor immunized from prosecution for his conduct. Such a construction would result in a race between the Marshal to serve process for the production of the documents and those bent upon their destruction in their endeavor to obstruct the administration of justice.[11]

Rosner v. United States, 2 Cir., 10 F. 2d 675, relied upon by the defendant, is distinguishable. There the United States Attorney had requested one Miller to appear voluntarily to plead to an information. The defendant had urged Miller not to appear and he acquiesced.

4. Walker v. United States, 8 Cir., 93 F. 2d 792, 795; Samples v. United States, 5 Cir., 121 F.2d 263, 265–266.

.5. United States v. Russell, 255 U.S. 138, 143, 41 S.Ct. 260, 65 L.Ed. 553.

6. Southern Express Co. v. Commonwealth, 167 Ky. 480, 180 S.W. 839, 840.

.7. Cf. United States v. Perlstein, 3 Cir., 126 F.2d 789, 796, note 3.

8. Cf. Bosselman v. United States, 2 Cir., 239 F. 82, 84.

9. Catrino v. United States, 9 Cir., 176 F. 2d 884, 887. See also, Anderson v. United States, 6 Cir., 215 F.2d 84, 88.

10. Smith v. United States, 8 Cir., 274 F. 351, 353.

11. Cf. Davey v. United States, 7 Cir., 208 F. 237, 241, certiorari denied 231 U.S. 747, 34 S.Ct. 320, 58 L.Ed. 464.

The defendant was subsequently indicted under the obstruction of justice statute. The conviction was reversed upon the ground that the prosecutor lacked statutory authority to request or compel the appearance of Miller and since the request was not process there could not have been any obstruction of the due administration of justice.

■ In the instant case the grand jury was engaged in an investigation. The due administration of justice includes an official inquiry undertaken by a lawfully constituted agency such as a grand jury.[12] And when a grand jury about to issue a subpoena in a pending investigation accepts a witness' statement that he will voluntarily appear in lieu of formal service of a subpoena, it does not shed its character—it is still engaged in the due administration of justice. A further distinction lies in the fact that in the Rosner case upon the witness' failure to appear subsequent

process could compel his appearance whereas particular letters once destroyed, as is charged in the instant case, are beyond recall.[13]

■ The further attack upon the indictment for failure to contain specific allegations such as "the requested documents were involved in the due administration of justice"; that "at the time of the alleged destruction the defendant knew that justice was being duly administered", are without substance. A fair reading of the indictment shows that it contains the essential elements of the crime charged. It alleges that (1) a grand jury was conducting an investigation into matters as to which the correspondence was material and relevant; (2) the defendant knew of such investigation; (3) he had reason to believe and did believe he would be called before the grand jury and that production of the records would be ordered by that body;[14] and (4) he knowingly, wilfully

12. Cf. Pettibone v. United States, 148 U.S. 197, 202, 207, 13 S.Ct. 542, 37 L. Ed. 419; United States v. Polakoff, 2 Cir., 121 F.2d 333; Davey v. United States, 7 Cir., 208 F. 237, 241; Bosselman v. United States, 2 Cir., 239 F. 82, 84.

13. That the Rosner case is to be confined to the narrow issue there presented is made abundantly clear by our Court of Appeals in two subsequent cases. In United States v. Polakoff, 2 Cir., 112 F. 2d 888, 890, 134 A.L.R. 607, it stated "All the decision [Rosner] stands for is that a refusal of the request to appear and plead was not an obstruction of justice; *probably* that is correct, since the request was not process * * *." (Emphasis supplied). And in United States v. Polakoff, 2 Cir., 121 F.2d 333, 334, the Court, after again noting the restricted scope of the Rosner case, commented " * * * the decisions under the statute are illuminating in their unwillingness to limit the court's protection from improper obstructions."

14. The proof may establish actual knowledge, or what has been deemed its equivalent, that the accused had reasonable grounds to believe and did in fact believe that the documents would be ordered by the grand jury. Thus the test applied is a subjective one—there must be actual

knowledge or belief. Cf. Kloss v. United States, 8 Cir., 77 F.2d 462, 464; Broadbent v. United States, 10 Cir., 149 F.2d 580, 582. See also Rumely v. United States, 2 Cir., 293 F. 532, 556, 557.

In Odom v. United States, 5 Cir., 116 F.2d 996, 999, reversed 313 U.S. 544, 61 S.Ct. 957, 85 L.Ed. 1511, the District Judge charged: " 'The defendants must have known or must have had reasonable grounds for believing that the case was pending in the United States District Court and that Stansbury was a witness in that case * * *.' " The Circuit Court of Appeals found no error in this charge. It interpreted the charge to mean "that the accused must have positively known, or must have believed on reasonable grounds, that Stansbury was a witness * * *." The Solicitor General stated that if the Court's charge were reasonably susceptible of the interpretation so placed upon it by the Court of Appeals there was no error in the charge. However, he confessed error because he felt that the repeated instructions by the Trial Court that the "defendants must have known or had reasonable grounds for believing that Stansbury was a witness" improperly qualified its prior definition of knowledge. The Solicitor General, acknowledging that the obstruction of justice statute "recognize[s] as an essential element of lia-

and corruptly destroyed the documents to prevent their production before the grand jury.

Thus it clearly informs the defendant of the essential ingredients of the charge to enable him to prepare for trial and to defend himself against it, and to protect him against another prosecution based upon the same facts.

Equally without merit is the defendant's contention that the indictment must be dismissed for failure to allege that the destruction of the documents in fact did obstruct the grand jury inquiry. Here the argument is that since the bill of particulars served by the Government discloses that at a subsequent date the grand jury did obtain one of the four items of correspondence, and further that it had familiarity with the sender and addressee of the remaining letters, the grand jury suffered no obstruction of its inquiry. This suggests the offense is committed only when success crowns the obstructive tactics. The statute is much broader. It condemns not only the corrupt obstruction of the administration of justice but also any endeavor to corrupt the due administration of justice.[15] Corrupt endeavor also spells out the crime, although success has been said to aggravate the offense.[16] Further, the indictment charges that the defendant did obstruct justice and also endeavored to obstruct justice. Whether the evidence will sustain the charge is a matter for proof upon the trial.

All the other and varied contentions advanced by the defendant have been considered and found wanting in substance. There is no basis for the granting of the defendant's motion and it is accordingly denied.

The foregoing shall constitute the Court's order.

---

bility *actual knowledge or belief* that the person assaulted was or is a witness in a *federal court*" (Memorandum, p. 10, emphasis supplied), was of the view that the instructions "permitted the jury to apply the objective standard of what the [defendants] ought to have known rather than the subjective standard of what they did know" and "to convict merely if they found the defendants should or ought to have known [that Stansbury was a witness] without requiring a finding that they did know." (Memorandum, pp. 10, 13). Cf. Pettibone v. United States, 148 U.S. 197, 206, 13 S.Ct. 542, 546, 37 L. Ed. 419, wherein the Court stated that

the indictment "must charge knowledge or notice, or set out facts that show knowledge or notice, on the part of the accused that the witness or officer was such."

15. United States v. Russell, 255 U.S. 138, 41 S.Ct. 260, 65 L.Ed. 553; United States v. Polakoff, 2 Cir., 121 F.2d 333; Bosselman v. United States, 2 Cir., 239 F. 82, 86: "As used in this particular statute, we think any endeavor to impede and obstruct the due administration of justice * * * is corrupt."

16. United States v. Russell, 255 U.S. 138, 143, 41 S.Ct. 260, 65 L.Ed. 553.