State v. Richardson.

---

THE STATE v. WILLIAM E. RICHARDSON, Appellant.

Division Two, March 12, 1913.

1. **SUBORNATION OF PERJURY: Questions of Law.** In a prosecution for subornation of perjury the jurisdiction of the court which tried the case wherein it is alleged the perjury was committed, the authority of the officer administering the oath to the witness in that case, and the materiality of said witness's testimony to the issues therein, were all questions of law, and it was therefore not error to fail to submit those questions to the jury.

2. ————: **Suborner and Suborned not Accomplices: Testimony: Cautionary Instructions.** A perjurer and his suborner are not

accomplices, and therefore a cautionary instruction with reference to the perjurer's testimony at the trial of his suborner should not be given.

3. ————: **Testimony of Suborned: Corroboration.** It is not necessary to a conviction for subornation of perjury that the testimony of the perjurer be corroborated, either as to the act of subornation or as to the fact that the perjury was actually committed.

4. ————: **Information: Scienter.** An information for perjury which, after alleging the perjury, charges that defendant, before the committing thereof, wilfully, feloniously, maliciously, falsely and corruptly persuaded the one suborned to commit the crime, sufficiently charges that defendant knew the witness would swear falsely. The words "wilfully, feloniously, maliciously, falsely and corruptly," import such intent and knowledge.

5. ————: **Verdict: General: Information: One Offense.** Although in an information for subornation of perjury several perjured statements are specified as made by the suborned witness during the defendant's trial for assault, and it is further charged that defendant had suborned all of such testimony; yet the information charged but one offense, and where the information charges but one offense, a general verdict in form is sufficient.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur*, Judge

AFFIRMED.

*Elliott W. Major*, Attorney-General, and *Ernest A. Green*, Assistant Attorney-General, for the State.

(1) The information follows the language of the statute and contains every essential element necessary to the offense charged. Secs. 4346, and 4351, R. S. 1909; Sherwood's Com. on Crim. Law, pp. 413-416; Kelley's Crim. Law & Prac. (2 Ed.), p. 563. The use of the words "maliciously and falsely" sufficiently charges that the defendant knew the witness would swear falsely. Commonwealth v. Devine, 155 Mass. 224; Stewart v. State, 22 Ohio St. 477; 2 Wharton's Criminal Law (11 Ed.), p. 1731. (2) Where the in-

formation contains but one charge, a general verdict of guilty is sufficient. State v. Ray, 53 Mo. 345; State v. Martin, 230 Mo. 692; State v. Stark, 202 Mo. 210; State v. Bishop, 231 Mo. 415; State v. Gordon, 196 Mo. 185; State v. Shour, 196 Mo. 202; State v. Taylor, 202 Mo. 1. (3) There was no error on the part of the trial court in refusing to give an instruction with reference to the defendant and Harris being accomplices. State v. Shapiro, 216 Mo. 371; State v. Kuhlman, 152 Mo. 103; Wharton's Crim. Ev. (8 Ed.), sec. 440; State v. Umble, 115 Mo. 461. Harris was guilty of an offense separate and distinct from that of subornation of perjury, viz., perjury itself (Sec. 4344, R. S. 1909). Defendant, however, is guilty under Sec. 4346, R. S. 1909. Subornation of perjury may be proved by the testimony of one witness alone. Comm. v. Douglass, 5 Met. (44 Mass.) 241; State v. Bailey, 190 Mo. 291. (4) The instructions as a whole were correct. Whether or not the court which tried Richardson for assault had jurisdiction was a question of law (State v. Moran, 216 Mo. 556), as was also the question whether the witness Harris had been legally sworn and that as to the materiality of his testimony in the assault case. State v. Moran, 216 Mo. 550; State v. Williams, 30 Mo. 364; State v. Cannon, 79 Mo. 343; State v. Carpenter, 164 Mo. 588.

WILLIAMS, C.—On November 9, 1911, defendant was tried and convicted of the crime of subornation of perjury in the circuit court of the city of St. Louis, and his punishment assessed at seven years in the penitentiary. From the judgment and sentence he appeals to this court.

The information charges the defendant with having wilfully, feloniously, maliciously, falsely and corruptly persuaded, incited, procured and suborned one Byrd D. Harris to do and commit wilful and corrupt perjury, by testifying as he did in a case tried on the

12th day of October, 1911, wherein the State of Missouri was plaintiff and this defendant was defendant, the said defendant therein being charged with assault with intent to kill one George Lewis. The information then sets forth all the formal requirements, and specifically sets out the testimony which the witness Harris is alleged to have given at said trial.

The evidence for the State tends to show that on the 12th day of October, 1911, the said felonious assault case was tried in the circuit court of the city of St. Louis; that upon the trial of said cause said Byrd D. Harris was duly sworn and examined as a witness in said cause, and testified to the effect that he had seen the trouble, occurring July 18, 1911, between the defendant and one George Lewis, and that while he was going west on the north side of Lawton avenue, in the city of St. Louis, that day, he saw the defendant come out of his place of business and go towards a ladder which was leaning against the wall, and that just as the said defendant was about to take hold of said ladder and lift it, the said Lewis took a knife out of his pocket, and, with the knife held open in his hand, advanced upon Richardson; that thereupon Richardson stepped back and fired one shot to the side of Lewis; that thereupon Lewis stepped back three or four feet, but again started towards Richardson, making an attempt to cut Richardson with the knife, and that in this situation Richardson fired two shots at Lewis, one of which hit Lewis in the body.

The State produced several witnesses, who testified in substance that they had seen the shooting of Lewis by Richardson on July 18, 1911, and that Lewis did not have an open knife in his hand, nor advance upon Richardson at any time, and further, that there were only two shots fired by the defendant, Richardson, and that the first shot fired was the one that hit Lewis. All of these witnesses swore that they did not see Harris in that neighborhood on that occasion; some

of the witnesses stating that they would not swear positively that he was not there, and others, that they had such a view of the situation that, if he was there at the time, they would have seen him. The State then called the said Byrd D. Harris as a witness, this being the witness the defendant is charged with suborning, and Harris testified at the trial of this case that the testimony given by him at the felonious assault trial was false, and that he had not seen the shooting of Lewis by Richardson on July 18, 1911. He further testified that the defendant had hired him to testify as he did in the assault case, agreeing to give him four dollars if he would so testify; that he went to the courthouse to be used as a witness, that the case was continued for a day or so, that the defendant told him to be sure and come back, and "not throw him down," and that he gave his testimony upon the request and at the direction of defendant, and for the promise of the price offered.

Defendant was the only witness offered by the defense. He testified in his own behalf, denying that he had agreed to pay witness Harris for his testimony, or that he had induced him to swear falsely. Defendant further testified that, some time prior to the assault trial, he met Harris on Jefferson avenue, and that there Harris informed him that he had seen the shooting, whereupon he hold Harris that he "would like for him to come down and make a statement to that effect," and that Harris agreed to do so. He claims he did not see Harris again until the Monday before the trial, which occurred on Thursday, and that on said Monday he asked Harris why he had not come to court that morning, it being the day on which the case was originally set for trial, and that he then informed Harris that the case was continued until Thursday, and asked him to come to court on Thursday; that Harris said that he did not think he could spare the time to come and that he could not afford to

lose all of that time for nothing; that he then told Harris that he would get witness fees for four days, and that that would be four dollars.  Defendant further testified that when Harris first told him that he saw the shooting, he did not ask Harris what he saw because he was not interested in what he saw, and that he did not know what the witness would testify to until the morning the case was tried, at which time, he claims, the witness told him about the same facts as he later testified to.

Appellant is not represented by counsel here; neither has he filed a brief in this court.

We have carefully inspected the record and proceedings at the trial, and find no questions for discussion other than the following:

In the motion for new trial complaint is made that the court failed to fully instruct on all the law of the case, in that the court failed to require the jury to find (1) that the trial at which the perjury was committed was before a court of competent jurisdiction; (2) that the officer who administered the oath was duly authorized to administer oaths; (3) that the false evidence of witness Harris was material to the issues involved in the assault case; (4) that Harris was an accomplice of defendant, and that his evidence should be received with caution; (5) that the witness testifying as to the perjury should be corroborated by some witness, or other facts and circumstances.

In the motion in arrest of judgment complaint is made, (1) that the information is insufficient, because it fails to charge that defendant knew the witness Harris would swear falsely; (2) that the verdict is insufficient in law to support the judgment, because it is a general verdict, and does not determine which assignment of perjury the defendant was found guilty of suborning the witness to commit.

I. The questions of the competency of the jurisdiction of the court which tried the assault case; of the authority of the officer administering the oath to witness Harris in the assault case, and of the materiality of the testimony of said witness to the issues involved in said assault case, were each and all questions of law, and not of fact, and it was therefore not error to fail to submit such questions to the jury for determination. [State v. Williams, 30 Mo. 364; State v. Fannon, 158 Mo. 149; State v. Faulkner, 175 Mo. l. c. 617.]

*Subornation of perjury: Questions of law.*

II. Witness Harris was not an accomplice of the defendant in the contemplation of the rule of law which requires the court to instruct the jury that the evidence of an accomplice should be received with caution. In order to bring the testimony of the witness within that rule, the witness and the principal offender, or *vice versa,* must have worked together in committing the same crime. [1 Wharton, Crim. Ev. (10 Ed.), sec. 440.] The crime committed by Harris was perjury, which was a separate and distinct offense from that of subornation of perjury, charged against the defendant, and when this is true they are not accomplices in contemplation of law, and therefore a cautionary instruction with reference to such testimony should not be given. [State v. Kuhlman, 152 Mo. l. c. 103; State v. Shapiro, 216 Mo. l. c. 371; State v. Durnam, 73 Minn. l. c. 165.] In the case of Stone v. State, 118 Ga. 705, in a very able opinion by Judge LAMAR, it was held that the perjurer and his suborner are not accomplices within the rule requiring a cautionary instruction. To the same effect is the case of United States v. Thompson, 31 Fed. 331.

*Instructions.*

*Suborned not an accomplice.*

III. Defendant next contends that the court erred in failing to instruct the jury that in order to find

that perjury was committed in the as-
<span style="font-variant:small-caps">Corroborating testimony of suborned.</span> sault case, they must find that the same
was proven by more than one witness,
·or by one witness corroborated by other
facts .and circumstances.

In making proof of the crime of subornation of
perjury there are two important steps.    First,. it is
necessary to prove that the witness alleged to have
been suborned committed the wilful and corrupt per-
jury alleged in the information, and, second, that the
defendant procured or suborned the witness to com-
mit said perjury.

So far as we are aware, this is the first case of
the kind which has come before this court.  In fact, an
examination of the reports of other States discloses
but few subornation cases.

In perjury cases, the rule at common law, and
which has been recognized by this court in State v.
Heed, 57 Mo. 252; State v. Faulkner, 175 Mo. 546, and
State v. Hunter, 181 Mo. 316, is, that the defendant
cannot be convicted on the uncorroborated testimony
of a single witness, and that it is error for the court
to fail to so instruct.  If the same rule is to be invoked
in favor of a defendant charged with subornation of
perjury, it must be because the reason assigned for
the rule in perjury cases exists with like effect in
measuring the proof required in subornation cases.
And in using this test, it becomes very necessary to
inquire into the reason for the rule in perjury cases.
The reason for the rule, as stated in State v. Heed,
57 Mo. l. c. 254, is as follows:

" 'In proof of the crime of perjury also it was
formerly held that two witnesses were necessary, be-
cause otherwise there would be nothing more than the
oath of one man against another, upon which the jury
could not safely convict.'  But this strictness has long
since been relaxed; the true principle of the law being
merely this, that the evidence must be something more

than sufficient to counterbalance the oath of the prisoner and the legal presumption of his innocence."

Mr. Best, in his work on evidence, gives as a further reason for the rule, that it has a tendency to cause a witness to testify with less apprehension or fear, and that by reason of the rule "little difficulty, comparatively speaking, is found in obtaining voluntary evidence for the purposes of justice." [Best on Evidence, secs. 605, 606; 3 Wigmore on Evidence, sec. 2041.] By what course of logic can these reasons be made to apply to the case of a suborner? Why should the rule as to him be different from that applied in cases of larceny, rape, or other criminal offenses? The presumption of his innocence certainly is of no greater weight than in the case of one accused of larceny or rape. There is no public-policy reason why his conviction should be made more difficult than in the majority of other felonies. He is not convicted of an offense occurring while he is under oath and testifying. The offense that he commits is virtually consummated before the witness gives his testimony. He is not charged with the giving of false testimony. He does not commit his crime while performing any necessary function in the progress of a trial. Why then should his conviction require greater proof than in convicting for theft? We do not think it does. All of the authorities hold that a single witness, uncorroborated, can make sufficient proof of the suborning. Some, however, hold or infer that as to the proof of the element of perjury the witness should be corroborated. In reviewing these authorities, we find that this position has been unduly influenced by the existence of the rule with reference to perjury, or by statutory provisions which do not exist in this State. The leading case cited by text-writers is that of People v. Evans, 40 N. Y. 1, where the main witness against the suborner was the self-confessed perjurer. At that time the statute of New York made incompetent as a wit-

ness a person who had been convicted of perjury. The court, arguing from that statute, held that a self-confessed perjurer was as unworthy of belief as if he had been convicted and sentenced, and that therefore his testimony was not sufficient, but must be corroborated before the suborner can be convicted. The court's decision was also builded upon the maxim, "*falsus in uno, falsus in omnibus.*" The rule then of the courts, in applying this maxim, was to instruct the jury that if they found the witness had sworn falsely in one material thing, they *should* pronounce him false in his whole testimony, and utterly disregard it. But the present rule in applying the maxim is, that if they find the witness has sworn falsely in one matter, they *may* (not *shall*) disregard his whole testimony. At the present time, it is a matter which the jury weigh; but in former times it was fixed as a matter of law. But later, and after the repeal of the statute referred to, the Court of Appeals of New York repudiated that doctrine by holding that a witness was competent notwithstanding his crime, and the sufficiency or weight of his testimony was for the jury, and not the court, to decide. [People v. Chaplean, 121 N. Y. 1. c. 276.]

The case of Commonwealth v. Douglass, 5 Met. 241, is frequently cited by text-writers as upholding the rule that corroboration is required with reference to proof of the perjury committed by the suborned witness. But in that case the point was not before the court. The trial court had instructed the jury that corroboration was necessary to prove the element of perjury, but had failed to instruct that corroboration was necessary to prove the act of suborning. The appellate court ruled that corroboration was not necessary with reference to proof of the suborning act.

In the case of State v. Waddle, 100 Iowa, 57, this point is not involved. That case was based on a statute making it a crime to incite or procure another to commit perjury, though no perjury was committed.

In other words, it was for an attempt at subornation. It was not necessary that the perjury should have been committed, and it was not charged in the information that perjury had been committed. The case is, however, analogous in that it holds that the crime charged could be proved by a single witness, uncorroborated.

In State v. Renswick, 85 Minn. 19, it was held that in a prosecution for subornation of perjury, where it is sought to establish by the person suborned the fact that perjury was committed, his testimony must be corroborated as to such fact. At first glance, this case appears to be in point and against the conclusion which we have reached above, but on closer examination it cannot be said to be in point here. The decision is controlled by statutory enactments of Minnesota, as is apparent from the following quotation from the opinion in that case:

"As to the first element of the crime, the suborned and the suborner are principals by virtue of the statute (section 6310), and necessarily each is the accomplice of the other; hence this element of the crime cannot be established by the uncorroborated evidence of the suborned (section 5767). But as to the second element of the crime, the suborned is neither a principal nor an accomplice, for legally he cannot be guilty of persuading himself to commit perjury. An indictment of a party for inducing himself to commit a crime would be a legal absurdity."

In the case of Boren v. United States, 144 Fed. 801, the question as to instructions is not involved, but the question is raised by urging the insufficiency of the evidence to sustain the verdict in a case of subornation of perjury, on the ground that the proof of each count was made by a single witness. The court, while not basing its decision on the absolute ground that corroboration is unnecessary, yet in discussing

the rule as to corroboration, uses the following language:

"It is true that under indictments for perjury the generally accepted rule is that the accused cannot be convicted on the uncorroborated testimony of a single witness. The reason assigned is that the same effect is to be given to the testimony of the party accused as to that of the accusing witness, and the proof would be merely the oath of one person against that of another. The reason of the rule in the form in which it is expressed does not apply to a case of subornation of perjury such as the present case, for the reason that here the testimony does not consist of the oath of one person against that of another. The testimony of each witness for the government involves, it is true, the impeachment of his own former sworn statement, but it is direct evidence against the accused as to his instigation of the perjury."

The rule is stated in 30 Cyc. 1454 (b), as follows: "The rule that under an indictment for perjury defendant cannot be convicted on the uncorroborated testimony of a single witness is not applicable to a case of subornation of perjury."

IV. In the motion in arrest of judgment defendant attacks the sufficiency of the information, claiming that it fails to charge that defendant knew that witness Harris would swear falsely. The information, after sufficiently alleging perjury committed by Byrd D. Harris, charges "that one William E. Richardson, before the committing of the wilful, felonious, false, malicious, known and corrupt perjury aforesaid, on or about the 12th day of October, 1911, at the city of St. Louis aforesaid, him, the said Byrd D. Harris, *wilfully, feloniously, maliciously, falsely and corruptly* did persuade, incite, procure and suborn the said wilful and corrupt perjury, in the

*Scienter.*

manner and form aforesaid, to do and commit, against the peace and dignity of the State."

While the information does not in express words say the defendant knew the said Harris would swear falsely, yet the words "wilfully, feloniously, maliciously, falsely and corruptly," undoubtedly import such intent and knowledge, and the information sufficiently charges the *scienter*.

The Supreme Court of Massachusetts, in passing upon this question in the case of Commonwealth v. Devine, 155 Mass. 224, uses the following language:

"The defendant further objects that the indictment does not allege that Catherine Heaney testified falsely, or that the defendant knowingly procured her to do so. The allegations were, in substance, that she wilfully and corruptly testified that she did not do certain things that were set out, whereas she then and there well knew that she did do those things, and that the defendant did feloniously and maliciously incite her to commit perjury in the manner and form aforesaid. This sufficiently avers that she testified falsely; and the words 'feloniously and maliciously' import that the defendant knowingly procured the perjury."

To the same effect is the case of Stewart v. State, 22 Ohio St. 477, also Kelley's Crim. Law and Prac. [2 Ed.], sec. 833. In fact, to hold otherwise would be to ignore the well known meaning of words in daily use.

V. Defendant next complains that the verdict is insufficient in law because it is a general verdict and does not determine which assignment of perjury the defendant was found guilty of suborning the witness to commit.

Verdict.

While the information specified several false and perjured statements made by the witness Harris while testifying under oath in the assault case, and further charged that the defendant had suborned all of said

perjured testimony, yet the information charged but one offense. Where the information charges but one offense, a general verdict in form is sufficient. [State v. Ray, 53 Mo. 345; State v. Martin, 230 Mo. 1. c. 692; State v. Stark, 202 Mo. 210; State v. Bishop, 231 Mo. l. c. 415; State v. Gordon, 196 Mo. 185; State v. Shour, 196 Mo. 202.] The judgment is affirmed. *Roy, C.,* not sitting.

PER CURIAM.—The foregoing opinion of WIL-LIAMS, C., is adopted as the opinion of the court. All the judges concur.