## SMALL v. UNITED STATES.

### No. 10982.

Circuit Court of Appeals, Ninth Circuit.

Jan. 25, 1946.

Rehearing Denied Feb. 26, 1946.

Writ of Certiorari Denied May 6, 1946.

See 66 S.Ct. 1012.

Fred McDonald, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis and Reynold H. Colvin, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

We have scrutinized the record here and find nothing that would justify a reversal of the judgment of the lower court. The only question meriting our consideration was appellant's contention that he was found guilty of and sentenced to imprisonment for a crime not charged in the information.

The information was based on the Emergency Price Control Act of 1942, 50 U.S. C.A.Appendix §§ 902(a), 904(a)[1] and 925

---

1 Section 904(a): Prohibitions.

"It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, or to demand or receive any rent for any defense-area housing accommodations, or otherwise to do or omit to do any act, in violation of any regulation or order under section 2 (section 902 of this Appendix), or of any price sched-

(b), and reads: "* * * That on or about the 5th day of October, 1943, at Redwood City, State of California * * * F. A. Small * * * did wilfully and unlawfully sell to one F. W. Larkin certain distilled spirits, to-wit, 100 cases each of which said 100 cases contained twelve 5th-bottles of Baltimore Club Special Reserve Whiskey, at a price of $46.50 per case, which said price * * * was in excess of and higher than the maximum price established by law, to-wit, $27.00, per case * * *."

The appellant argues that the information charged the unlawful sale and the evidence is admittedly insufficient to support that charge. The offense of offering or attempting to make a sale at a higher price than the maximum established by law is a separate offense, appellant claims, and therefore the lower court should have directed a verdict for the appellant. The appellant relies on certain observations made by the lower court with reference to the proof of the crime charged:

"* * * I instruct you that the facts adduced at the trial do not support the charge in the information that defendant made an actual sale of whiskey to said Larkin, because he at no time had title to the whiskey nor was he able to secure such title. It might be found from the evidence, however, that there was an abortive sale or a contract to sell goods which the seller was unable to carry out. * * *"

"In all criminal cases the defendant may be found guilty of any offense the commission of which is necessarily included in that which he is charged in the indictment or information * * *"

"Now, I repeat to you, the evidence does not support a charge that there was a sale. The evidence shows that Mr. Small did not have any whiskey, nor could he get it. The whiskey involved here was restrained from sale by an order of this court. But as I have said to you, if after a consideration of all the evidence in the case and applying thereto instructions which I will give to you you find that the defendant here was guilty of an attempt to sell, you may find him guilty of the charge; otherwise you must acquit him."

Section 565, Title 18, U.S.C.A., provides:

"§ 565. Verdicts; less offense than charged. In all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that which he is charged in the indictment, or may be found guilty of an attempt to commit the offense so charged, if such attempt be itself a separate offense."

■ Our conclusion is that the attempt to sell or offer to sell for a price higher than that fixed by price schedule is necessarily included in the charge of the information in issue. Section 904(a) enumerates all the ways or means of violating the regulations or price schedules: to sell or deliver, to demand or receive, to do or omit to do any act in violation of a regulation etc., to demand or receive, or to offer, solicit, attempt, or agree to do any of the the foregoing. Any information under this section charging a sale, purchase, receipt or demand of any commodity at a price higher than that fixed in the price schedule would therefore include the attempt, offer, or agreement to sell, purchase, or demand that price.

■ There is abundant evidence that is substantial to sustain the verdict of the jury. The appellant did acts here toward the commission of the crime charged in the information. The appellant more than attempted to make a sale; he actually completed all the acts to consummate the sale. The testimony, which is uncontradicted, shows that he accepted the down payment and in effect issued a delivery order in that he directed the purchaser to go to the Rollandelli Warehouse and present the balance of the purchase price and pick up the whiskey. No other act of the appellant was required to complete the sale. The sale was made but the goods were not delivered because the law intervened to prevent it. The lower court was more correct in describing the sale as an abortive sale. We believe the evidence would support a conviction on the information as charged. The evidence established the fact that the appellant was engaged in the business of buying and selling whiskey.

Finding no substantial error, the judgment is affirmed.

Affirmed.

ule effective in accordance with the provisions of section 206 (section 926 of this Appendix), or of any regulation, order, or requirement under section 202

(b) or section 205 (f) (sections 922(b) or 925(f) of this Appendix), or to offer, solicit, attempt, or agree to do any of the foregoing."