ROBINSON v. UNITED STATES.

BLEKER v. UNITED STATES.

Nos. 11523, 11524.

United States Court of Appeals
Ninth Circuit.

May 26, 1949.

Rehearing Denied June 29, 1949.

convicted under count 3 of the indictment and the defendant, Ralph L. Robinson, having been convicted of counts 2, 3 and 4 thereof. The indictment was returned by the grand jury at Los Angeles against the above-named appellants and also against an additional defendant, Robert S. Gleason. Gleason just before the trial had changed his plea as to counts 2 and 3 from not guilty to guilty. Following the jury's verdict the above-named appellants moved for a new trial, which was denied. The appellant Bleker was sentenced to pay a fine of $5,-000 upon his conviction on count 3 and the appellant Robinson was sentenced to pay a fine of $5,000 on count 2, to a year's imprisonment on count 3, and to pay a fine of $5,000 on count 4. They there upon respectively appealed to this court.

The indictment against the above-named appellants and said Gleason contained four counts. The first count charged a conspiracy under Title 18 U.S.C.A. § 88 [now § 371] on the part of the three and others unknown. The appellant Bleker was a major in the United States Marine Corps Reserve at Camp Pendleton, Oceanside, California. The appellant Robinson was a captain in the United States Marine Corps Reserve and assistant to the appellant Bleker at Camp Pendleton Post Exchange, and the defendant Gleason was a civilian employed at such post exchange as office manager. He had previously been a sergeant serving under Major Bleker.

Morris Lavine, Los Angeles, Cal., for appellant Robinson.

Kenny & Cohn, Robert W. Kenny, Morris E. Cohn and Robert S. Morris, Jr., Los Angeles, Cal., for appellee Bleker.

James M. Carter, U. S. Atty., Ernest A. Tolin and Ernest J. Zack, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and HEALY, Circuit Judges, and BLACK, District Judge.

BLACK, District Judge.

The two appellants above-named were convicted at San Diego, California by a jury of charges of violation of Title 18 U.S.C.A. § 80 [now §§ 287, 1001], the appellant, John S. Bleker, Jr., having been

Count 1 charged that such conspiracy was to defraud the United States of the honest, conscientious, faithful and disinterested service of the defendants, Bleker and Robinson, in discharge of their duties and functions as aforesaid and to embarrass the lawful functions of the Army, Marine Corps and Navy in supervising the sale of merchandise of post exchanges and to violate Title 18 U.S.C.A. § 80 by concealing and covering up material facts within the jurisdiction of such departments and agencies of the United States by trick, scheme and device and by making and causing to be made false statements and representations in matters within the jurisdiction of such departments and agencies.

Counts 2, 3 and 4 charged substantive offenses in violation of Title 18 U.S.C.A. §

80. Both appellants were acquitted of the conspiracy count, appellant Bleker being convicted of count 3, as above, and appellant Robinson being convicted of counts 2, 3 and 4, as previously stated.

The appellant Bleker in his brief urges these two points:

1. That the evidence was insufficient to support a conviction of Bleker as to count 3.

2. That the court erred both in the admission and rejection of various items of evidence which it is argued prejudiced the appellant Bleker.

The brief of the appellant Bleker clearly and concisely states the two points raised on his appeal and the reasons therefor. His thirteen specifications of error can fairly be applied to one or the other of such two points. The same cannot be said as to the brief of appellant Robinson. Fifteen specifications of error are set forth in appellant Robinson's brief but by subdivision such fifteen specifications of error become apparently thirty-eight. The brief itself more or less argues each of such fifteen specifications and each of such subdivisions and in addition argues many other alleged errors under such specifications or subdivisions as well as noting in the brief proper and appendix additional alleged errors, totaling for brief and appendix more than one hundred.

The contentions of appellant Robinson cannot be grouped as falling within any reasonably small number of main propositions. However, apparently his main reliance, while without abandonment of the numerous other contentions, seems to be upon the following, although discussed in his brief in a different order:

1. That the evidence was insufficient to sustain the verdicts of guilty on any count.

2. That the admission as against appellant Robinson of the testimony of the witnesses complained of by appellant Bleker under his point two was prejudicial as to Robinson.

3. That counts 2 and 4 were insufficient to state any offense.

4. That the trial judge prevented cross-examination by Robinson's counsel of Colo-

nel Selden except at a time when Colonel Selden's testimony was only admitted as against Bleker.

5. That Robinson was only subject to court-martial and not to grand jury indictment or trial under the indictment.

6. That the acquittal of the conspiracy count made the convictions of the substantive counts void.

None of the numerous other objections of Robinson were abandoned. However, none of them have merit. To discuss them would make this opinion overwhelmingly voluminous. For instance, in the brief and appendix appellant Robinson contends that one short portion of the instructions given by the trial judge was prejudicial error and that the refusal of twenty requested instructions likewise each constituted similar error. However, at the trial no exception was taken to such portion of the instructions given by the court and as to the twenty refusals urged in the brief as prejudicial error there was only exception at the trial to the refusal of four of such twenty.

A reading of the instructions given disclosed that taken as a whole they were adequate and fair and free from prejudicial error. Corroborative of our view of the instructions is the fact that counsel for appellant Bleker took no exceptions at the trial to the instructions given or to the refusal of any requested and makes no mention on this appeal as to any alleged error as to instructions. As to the four instructions requested by Robinson and not given, to which exception was taken, so much of such requests as were proper were included in substance in the charge given. The giving of the short portion of the instructions now complained of and the refusal of sixteen requested instructions not given, concerning which there was no exception taken below, in no event would have constituted prejudicial error even had there been exception thereto taken at the trial.

In the opening and reply briefs in behalf of appellant Robinson alone approximately three hundred fifty cases have been cited as well as approximately fifty textbook and encyclopedic references. Such number prevents any reasonable attempt to here discuss such mass of cited authori-

ties. While many of the contentions urged by appellant Robinson in his opening and reply briefs are based on some of his great number of objections taken at the trial a large part of the contentions now made are presented for the first time on this appeal.

The trial consumed nine long trial days of many more trial hours than would normally be used in that number of days. We have examined the resultant very lengthy record, considering each and all of the respective contentions, whether or not discussed in this opinion, and find no prejudicial error as to either appellant.

While, therefore, the judgments as to Bleker and Robinson should be affirmed as to each it is appropriate that what appear to be the main contentions of respective appellants should be here considered.

■ First, the contentions of insufficiency of the evidence should be mentioned. Each appellant devotes much of his brief to the contention that the evidence was insufficient to support the verdict or verdicts as to him. An analysis of the evidence introduced during the trial does not support such contentions of either appellant. While much of the government's testimony was contradicted by defendants and their witnesses there was as to each appellant and as to each count an issue of fact for the jury. The direct evidence was considerably less against Bleker than Robinson. However, the jury had the right to draw very damaging inferences against Bleker as to not only count 3 but as to the other counts as well as against Robinson. As to Robinson it may be said that there was a great abundance of evidence to support the verdict as to each count upon which he was convicted. The surprise is not that the jury convicted Robinson of counts 2, 3 and 4. Rather upon the record it is surprising that the jury did not also convict him of count 1— the conspiracy count.

Without detailing the evidence it may be said that Bleker's first point of insufficiency of the evidence to authorize the jury's verdict of guilt as to him as to count 3 cannot be sustained and, of course, Robinson's similar contentions as to counts 2, 3 and 4 as to him must be rejected.

The remaining point urged by Bleker, as earlier stated, is alleged prejudicial error in admission and rejection of evidence as to Bleker. An analysis of the entire record establishes that all the evidence admitted against him was either unquestionably admissible or at least admissible within the discretion of the trial court in connection with count 1—the conspiracy count. The evidence admitted was certainly properly admitted against Robinson as acts within the scope and purpose of the conspiracy charged and also to show evil intent or purpose. Aside from such evidence complained of, there was clearly a sufficiency to have justified the jury in finding the existence of the conspiracy charged in count 1 against Robinson, Bleker and Gleason. Therefore, such evidence was certainly admissible against the alleged co-conspirators. Bleker concedes that much of it was admissible as to conspiracy count 1 and some also as to count 2, but insists that it was prejudicial error to have admitted such without limiting it to counts 1 and 2.

■ A sufficient answer is that the first contention that Bleker made that such evidence should have been limited to any particular count or counts was after the jury's verdict and on this appeal.

He, therefore, cannot prevail now as to such contention under the old adage that he who was silent when he should have spoken will not later be heeded when he should be silent.

In Suetter v. United States, 9 Cir., 140 F.2d 103, at page 107, the court stated: "Had the evidence admitted been competent as to only one of several counts in the indictment, the defendant's remedy was not to require an election of the count to which the evidence was applicable, but to request that the jury be instructed to limit their consideration of the evidence to the particular count, Schonfeld v. United States, 2 Cir., 277 F. 934, 937; Moffatt v. United States, 8 Cir., 232 F. 522, 534."

■ The trial court was well within its discretion in rejecting defendant Bleker's exhibit "G" for identification. His willingness to remain in the Marine Corps or his being in line for promotion in no wise showed lack of intent to take unlawful per-

**8**

sonal advantage of the opportunities his connection with the post exchange offered.

Neither of Bleker's points on this appeal justify reversal of his conviction on count 3. So there are now for consideration only the remaining five of the six contentions on which Robinson apparently chiefly relies, Robinson's first contention based on alleged insufficiency of the evidence being untenable, as previously stated.

Robinson's second main contention that the admission of the testimony of the witnesses complained of by Bleker was prejudicial as to Robinson has no merit. Such was unquestionably admissible against Robinson under the conspiracy count. It further was evidence against Robinson on the matter of knowledge, intent and evil purpose. He likewise asked no limitation of such as to any particular count.

■ Robinson's third main contention that counts 2 and 4 were insufficient to state any offense likewise must be rejected. Each count was sufficient under the statute on which it was based to state the specific violation of Title 18 U.S.C.A. § 80 charged, to state the elements of such charge and to enable Robinson to know the nature and cause of the accusation and to plead the judgment in bar of further prosecution for the same offense.

See Hagner v. United States, 285 U.S. 427, 431-433, 52 S.Ct. 417; 76 L.Ed. 861; Zuziak v. United States, 9 Cir., 119 F.2d 140, 141; Hopper v. United States, 9 Cir., 142 F.2d 181, at pages 184, 185; Rule 7(c), New Federal Rules of Criminal Procedure, 18 U.S.C.A.

Robinson's fourth contention, while vigorously urged, upon examination of the record, is unconvincing and in no wise calls for reversal. Such fourth contention is that the trial judge prevented cross-examination by Robinson's counsel of Colonel Selden except at a time when Colonel Selden's testimony was only admitted as against Bleker. Actually Colonel Selden was called as a witness and testified without limitation except that as to two conversations between him and Bleker his testimony at the time of examination was limited to Bleker. Robinson's counsel, however, objected from time to time during Colonel Selden's testimony, not only during his general examination but also during the examination relative to conversations then limited to Bleker. Most of such objections were overruled. Some were sustained. After direct examination by the government and also cross-examination by Bleker's attorney were completed the court offered Robinson's counsel the right to cross-examine such witness fully. Robinson's attorney replied that he had no desire to cross-examine Colonel Selden concerning any testimony then admitted against Robinson. He further stated that as to that part of the testimony then limited to Bleker that he might wish to cross-examine Colonel Selden later if such limited portion were thereafter admitted against Robinson also. The Court stated that he should cross-examine then—that the case could not be tried piecemeal.

At the end of plaintiff's case government counsel offered certain testimony previously limited to Bleker also against Robinson. Robinson's counsel resisted. The court admitted against Robinson certain evidence as follows:

"The first is the testimony of the conversation and evidence relating to PX Council meeting in March, 1946 in which certain statements were alleged to have been made by the defendant Bleker to the council, and certain discussions were had. That is also admitted as to the defendant Robinson."

The briefs assume that such was admission of that portion of Colonel Selden's testimony as to two conversations between him and Bleker which was first limited to Bleker. Actually on the record it is very difficult to so conclude. But in any event Robinson's counsel did not at such time of admission against Robinson of evidence originally limited as to Bleker request cross-examination of Colonel Selden as to such testimony or at all. But while not then requesting or even indicating the slightest interest in any cross-examination, Robinson's counsel did, following such offer, move to strike all the testimony of Colonel Selden, although much had been originally received against both. The frequent objections by Robinson's attorney

during the trial evidenced no reluctance to assert any rights. Since Robinson's counsel did not at the appropriate time ask for cross-examination Robinson may not now successfully complain.

█ With respect to a claim that admitting at the end of the government's case evidence against all the defendants originally admitted only as to one deprived the others of the right of cross-examination, the court in Blumenthal v. United States, 9 Cir., 158 F.2d 883, at page 891, said: "No demand to cross-examine was made at the time of the granting of the Government's motion."

█ The fifth main contention of Robinson to the effect that Robinson was only subject to court-martial and not to grand jury indictment or trial thereunder is intriguing but mistaken. Robinson insists that the civilian court had no jurisdiction by virtue of the provision of the Fifth Amendment to the United States Constitution which reads: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger * * *."

Robinson from active status was placed on terminal leave on February 16, 1946, rendering service while on inactive status as a civilian buyer under salary at the Camp Pendleton Post Exchange. On April 5, 1946 he was recalled to active service, remaining on the same post. On April 21st he was placed under arrest by the military authorities but no court-martial proceedings were ever instituted against him. He and Bleker and Gleason were finally indicted by the Grand Jury on the four counts as previously stated.

Defendant Gleason, a former sergeant, had not re-enlisted and, of course, was not subject to recall to military service. For all practical purposes the essential parts of all three counts related to periods when Robinson was at least not in active military status. The critical dates as to all four counts were largely or exclusively during the seven weeks' period when Robinson was a civilian buyer. Robinson's contention is that he was recalled to active service status so that he could be court-martialed. Robinson insists that having been recalled he had to be court-martialed. It seems to be Robinson's position that recall to active service was a requisite and condition precedent to military jurisdiction over him. Under such theory it would appear that the recent holding of United States ex rel. Hirshberg v. Cooke, etc., 336 U.S. 210, 69 S.Ct. 530, 93 L.Ed. ——, would prevent Robinson's being subject to court-martial for any alleged acts during such seven weeks he was employed at the post exchange as a civilian buyer.

█ But even had Robinson at all times covered by each count of the indictment been in active military service and subject to court-martial such would in no wise have prevented his being indicted by the grand jury. See United States v. Canella, 9 Cir., 157 F.2d 470, affirming D.C., 63 F.Supp. 377; also Caldwell v. Parker, 252 U.S. 376, 40 S.Ct. 388, 64 L.Ed. 621.

The sixth and last main contention of Robinson is that the acquittal of the conspiracy count made the convictions of the substantive counts void.

In his reply brief he relied strongly upon Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 239, 92 L.Ed. 180. A careful comparison of that case with the instant case discloses many vital differences and distinctions.

Sealfon at a previous trial had been acquitted of the charge of conspiracy with one Greenberg. Sealfon later was tried and convicted upon a separate indictment alleging the substantive offense against Greenberg and Sealfon which the Supreme Court held could only be established against Sealfon if he had "aided and abetted Greenberg in the commission of the substantive offense." The basis of the Supreme Court's reversal of the substantive conviction on the second trial was that in both the conspiracy trial and the second trial on the substantive charge that Sealfon's only connection with each of the alleged offenses was that he was aiding and abetting Greenberg as to the same matter. In neither case was he a principal, but at most only aiding and abetting the principal.

The Supreme Court termed the second trial a "second attempt" and a "second prosecution" following an acquittal on the first attempt.

In the Sealfon case there were two separate indictments and two separate trials. Here there was one trial—not two. Robinson was tried on the conspiracy count and the three substantive counts, all in one indictment, and at the same time. The jury returned its verdicts simultaneously acquitting Robinson of count 1 and convicting him of counts 2, 3 and 4. Robinson in his brief contends that by "the acquittal the court lost jurisdiction to try him for any of the offenses." But the court did not try him after the acquittal. The trial of the three counts on which he was convicted had already occurred.

■ Robinson was properly tried on both the conspiracy and the substantive counts. As is said in Sealfon v. United States, supra: "It has long been recognized that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." (Citing cases.)

Here there was no second attempt—no second prosecution—no second trial. Nothing in the Sealfon case applies to verdicts all received at the same time in a single trial. Nothing in the Sealfon case indicates that a conspiracy acquittal in an earlier trial bars conviction at even a later trial of being an actual principal. And in this case the evidence submitted on the substantive counts in each instance was not that Robinson was merely aiding and abetting a principal but instead that Robinson was a principal, in fact the principal or at least the principal principal.

The trial judge in this instant case did not feel the verdicts were inconsistent since the jury might have had a reasonable doubt of the existence of an actual conspiracy, while convinced beyond all reasonable doubt that the substantive offenses had been committed in accordance with their verdicts. If we assume that the verdicts were inconsistent still any such inconsistency in the verdicts is not fatal.

■ In Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356, 80

A.L.R. 161, it is stated: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment."

Also see Macklin v. United States, 9 Cir., 79 F.2d 756, at page 758 to the same effect, which quotes which approval Sciden v. United States, 2 Cir., 16 F.2d 197 as follows: "We have held that, when a jury convicts upon one count and acquits upon another the conviction will stand, though there is no rational way to reconcile the two conflicting conclusions."

In Stein v. United States, 9 Cir., 153 F. 2d 737, at page 744, the court says: "We perceive no inconsistency in the verdicts, but even if there were, this court has uniformly ruled that inconsistency as to verdicts in plurality of counts in one indictment or information is not fatal." (Citing cases.)

As earlier stated, we find no prejudicial error and therefore the judgments as to each appellant are affirmed.