## CATRINO v. UNITED STATES.
### No. 11988.

United States Court of Appeals
Ninth Circuit.

Aug. 19, 1949.

George F. Higgins, Missoula, Mont., and James D. Taylor, Hamilton, Mont., for appellant.

John B. Tansil, U. S. Atty., Billings, Mont., Harlow Pease and Emmett C. Angland, Asst. U. S. Attys., Butte, Mont., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

Appellant Sam Catrino was convicted of selling liquor to a 16 year old Indian ward of the Federal Government. There was no appeal. Catrino was subsequently prosecuted in the instant action under two counts, the first charging subornation of perjury in violation of 18 U.S.C.A. § 232 [1] and the second with obstruction of justice, 18 U.S.C.A. § 241 (1945 ed.) [2] in that, in the course of the defense of the first prosecution, he procured one James Rennaker

---

1. "Whoever shall procure another to commit any perjury is guilty of subornation of perjury, and punishable as in section 231 [perjury] of this title prescribed."

With minor changes this section is now section 1622 of the revised Title 18.

2. "Whoever corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede any party or witness, in any court of the United States or before any United States Commissioner or officer acting as such commissioner, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or officer acting as such commissioner, or who shall injure any party or witness in his person or property on account of his attending or having attended such court or examination before such commissioner or officer, or on account of his testifying or having testified to any matter pending therein, or who shall injure any such grand or petit juror in his person or property on account of any verdict, presentment, or indictment assented to by him, or on account of his being or having been such juror, or who shall injure any such commissioner or officer in his person or property on account of the performance of his official duties, or who corruptly or by threats or force, or by any threatening letter or communication, shall influence, obstruct, or impede, or endeavor to influence, obstruct, or impede, the due administration of justice therein, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

With minor changes this section is now section 1503 of the revised Title 18.

to commit perjury. Rennaker had falsely testified in the first case that he had witnessed the sale of liquor and that the sale was made to an unknown Mexican rather than to the Indian ward.

At or about the time the instant prosecution was begun, Rennaker was indicted for perjury committed in the first case involving this sale of liquor to the Indian. He pleaded guilty to this charge and became a witness for the Government in the instant action. Appellant was acquitted on Count One and this appeal is from the judgment and sentence entered upon a verdict of guilty under Count Two.

Omitting formalities, the first count (subornation of perjury) sets forth that: " * * Sam Catrino * * * did unlawfully, corruptly and feloniously, procure one James B. Rennaker ·to commit perjury, as follows: * * * [in that he, Catrino] solicited, procured and caused the said James Rennaker to appear as a witness * * * and to be * * * sworn as a witness in said cause and to testify * * * ; that said testimony so given was false and known by * * * Sam Catrino * * * and by the said James B. Rennaker, to .be false; that in truth and in fact, said James B. Rennaker was not in said place * * * at the time referred to * * * and in fact, did not see any person sell any wine or other liquor to the Indian ward."

The substance of the charge in the Second Count (obstruction of justice) is that:

" * * * Sam Catrino * * * did unlawfully, corruptly and feloniously influence, obstruct and impede, and endeavor to influence, obstruct and impede the due administration of justice in the District Court of the United States for the District of Montana * * * particularly .in this, that [Sam Catrino] did corruptly cause

one James B. Rennaker to attend said trial and be sworn and testify as a witness for the said defendants to certain false statements, which said Rennaker and said Catrino * * * knew to be false, to wit, testimony that said Rennaker was in the Brunswick Bar * * * and there saw an un-named Mexican purchase a quantity of wine at the bar and deliver it to an Indian ward * * *."

### Claim That But One Offense Was Committed

Appellant contends that his one act, or series of acts, does not constitute the two separate offenses charged. In other words, it is claimed that since both counts grew out of one transaction, he has violated but one statute. We do not agree.

■ . Whether Congress may make but one single act a violation of two statutes we need not consider [3] since Congress may make each separate step in a prohibited transaction a separate offense. Burton v. United States, 1906, 202 U.S. 344, 380, 26, S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; United States v. Russell, 1921, 255 U.S. 138,. 41 S.Ct., 260, 65 L.Ed. 553.[4]

■ The obstruction of justice statute declares that any one who shall corruptly *"endeavor to influence * * * any witness"* shall be guilty of its violation. The fact that the "endeavor" is unsuccessful is immaterial. United States v. Russell, supra, 255 U.S. 138; at page 143, 41 S.Ct. 260, 65 L.Ed. 553; Craig v. United States, 9 Cir., 1936, 81 F.2d 816, 820-822, certiorari denied, Weinblatt v. United States, 298 U. S. 690, 56 S.Ct. 959, 80 L.Ed. 1408.

■ The crime of subornation of perjury requires not only (1) the "endeavor," but also (2) that the endeavor be successful, i.e, "that perjury shall have

---

3. Compare, "It is the legislature, not the court, which is to define a crime, and ordain its punishment." United States v. Wiltberger, 1820, 5 Wheat 76, 18 U.S. 76, 5 L.Ed. 37; Hackfield & Co. v. United States, 1905, 197 U.S. 442, 450, 25 S.Ct. 456, 49 L.Ed. 826; Roark v. United States, 8 Cir., 1927, 17 F.2d 570, 51 A.L.R. 870.

4. "There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction." Albrecht v. United States, 1927, 273 U.S. 1, 11-12, 47 S. Ct. 250, 254, 71 L.Ed. 505; Gavieres v. v. United States, 1911, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489.

been in fact committed." Austin v. United States, 9 Cir., 1927, 19 F.2d 127, at page 128, certiorari denied 275 U.S. 523, 48 S. Ct. 22, 72 L.Ed. 405.

Thus, on these facts, an additional element, not required to prove obstruction of justice, was necessary to prove subornation of perjury. Blockburger v. United States, 1932, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306.[5] When appellant "endeavored" to procure Rennaker to testify falsely he thereby violated the obstruction of justice statute without doing more, but this completed offense was but a "step" in the accomplishment of the completed offense of subornation of perjury. While the "transaction" under consideration involved the same general state of facts, the offenses committed were clearly distinguishable as violations of different penal statutes. In this posture of the case the court did not err in denying the motion to compel the prosecution to proceed upon only one of the counts of the indictment. See Gavieres v. United States, supra, 220 U.S. 338, page 342, 31 S.Ct. 421, 55 L.Ed. 489; Fleisher v. United States, 6 Cir., 1927, 91 F.2d 404, 405–406.

It is argued that the facts alleged in the obstruction of justice count would constitute subornation of perjury. However, the completed offense of subornation of perjury must also include an endeavor to suborn. Thus the allegation in Count II that perjury was actually committed was merely non-prejudicial surplusage.[6]

Any corrupt endeavor whatsoever,[7] to "influence, intimidate, or impede any party or witness, * * * commissioner, or any grand or petit juror," etc., whether successful or not, is proscribed by the obstruction of justice statute. Craig v. United States, supra.

The obstruction of justice statute is an outgrowth of Congressional recognition of the variety of corrupt methods by which the proper administration of justice may be impeded or thwarted, a variety limited only by the imagination of the criminally inclined. The concept of "justice" upon which the foundations of our society rest and which courts and judges are sworn to uphold encompasses not only the right of an accused to a fair trial, but it also calls for punishment if the accused is found guilty. This concept merely recognizes the inherent right of society to protect itself and its innocent members from vicious acts which imperil one of the most vital safeguards of our system of law. It is well to emphasize this wholesome idea as we contemplate the mounting waves of crime.

We agree fully with the statement in Samples v. United States, supra, 121 F. 2d at page 265 that: "The [obstruction of justice] statute is one of the most important laws ever adopted. It is designed to protect witnesses in Federal courts and also to prevent a miscarriage of Justice by corrupt methods." Appellant's evil acts clearly and properly fall within the interdiction of the statute.

---

5. See United States v. Russell, supra; Craig v. United States, supra, and cases cited in Note 6, infra.

6. Roark v. United States, 8 Cir., 1927, 17 F.2d 570, 51 A.L.R. 870; Schultz v. Biddle, 8 Cir., 1927, 19 F.2d 478, 480; Slade v. United States, 10 Cir., 1936, 85 F.2d 786:
"If a witness is corruptly persuaded to absent himself or *to testify falsely* the act is violated." (Emphasis supplied), Samples v. United States, 5 Cir., 1941, 121 F.2d 263, 265, 266.
Compare Federal Rule of Criminal Procedure 31(c), 18 U.S.C.A., formerly 18 U.S.C.A. § 565, which provides: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." Small v. United States, 9 Cir., 1946, 153 F.2d 144; Burcham v. United States, 1947, 82 U.S.App.D.C. 283, 163 F.2d 761.

7. United States v. Russell, supra, 255 U.S. 138, at page 143, 41 S.Ct. 260, 65 L.Ed. 553; Martin v. United States, 4 Cir., 1948, 166 F.2d 76, 79; Broadbent v. United States, 10 Cir., 1945, 149 F.2d 580, 581; United States v. Polakoff, 2 Cir., 1941, 121 F.2d 333, 334; Samples v. United States, Note 6, supra; Slade v. United States, 10 Cir., 1936, 85 F.2d 786, 789; Bedell v. United States, 8 Cir., 1935, 78 F.2d 358, 365, 366; Bosselman v. United States, 2 Cir., 1917, 239 F. 82, 86.

### Inconsistency of the Verdicts

█ Appellant urges further, that because the two counts were grounded on the same general facts, an acquittal as to one precludes a finding of guilt as to other, thus the verdicts are "fatally inconsistent" and he should be discharged. We do not agree.

Justice Holmes, speaking for the Court in Dunn v. United States, 1932, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356, 80 A.L.R. 161, stated: "Consistency in the verdict is not necessary. * * * 'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'

"Compare Horning v. District of Columbia, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185.

"That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

To the common sense inherent in the above rule, this court has consistently adhered.[8]

### Application of the "Oath Against Oath" or "Two Witness" Rule

█ The jury was instructed that in order to find appellant guilty of subornation of perjury (Count I), two credible witnesses were necessary or, one such witness plus corroborating circumstances; but that one such witness, if believed, was sufficient to convict of the crime of obstruction of justice. The jury was, of course, also instructed that they must be convinced of appellant's guilt beyond a reasonable doubt. Appellant contends that the instructions should have been the same on both counts. The Federal rule in perjury cases, Weiler v. United States, 1945, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495, 156 A.L.R. 496, and in subornation of perjury cases. Hammer v. United States, 1926, 271 U.S. 620, 46 S.Ct. 603, 70 L.Ed. 1118, is that *the falsity of the oath,* i.e., the actual perjury, must be proven in the manner here required by the instructions of the trial judge.

█ In a subornation of perjury case, proof that the defendant *induced* the commission of the offense, is not subject to this requirement. Hammer v. United States, supra; Outlaw v. United States, 5 Cir., 1936, 81 F.2d 805, 807.[9] As to this element, the proof is the same as in all other crimes —proof beyond a reasonable doubt.

▪█ Appellant's violation of the obstruction of justice statute was complete the moment he endeavored to induce Rennaker to commit perjury. The element of actual perjury i.e., *falsity of an oath,* which required an "oath against oath" instruction, is not involved. Therefore, the instructions of the trial judge on both counts were correct.

In case at bar, the falsity of Rennaker's testimony at the prior trial was established by: (1) testimony of the subornee Rennaker; (2) other witnesses; (3) documentary records of truck deliveries conclusively indicating that it would have been physically impossible for Rennaker to have been in Catrino's bar at the time of the sale of liquor; and (4) by statements of appellant himself upon direct examination. This element of the crime was practically admitted. The statements of appellant are set out in the margin.[10]

---

8. Robinson et al. v. United States, 9 Cir., 1949, 175 F.2d 4; Stein v. United States, 9 Cir., 1946, 153 F.2d 737, 744 and the many Ninth Circuit decisions there cited.

9. That this is the majority and, in our opinion, the better reasoned rule, see 1928, 56 A.L.R. 408–414 and the many authorities there found. See also State v. Richardson, 1913, 248 Mo. 563, 154 S.

W. 735, 44 L.R.A.,N.S., 307; McClintock, What Happens to Perjurers, 24 Minn.L. Rev. 27, at p. 750 (1940).

10. "Q. Now, Mr. Rennaker testified in that [first] case, did he not? A. Yes.
"Q. And he testified, and did you hear him testify? A. Yes, I did.
"Q. I will ask you to tell the court and jury whether *at that time you knew*

### Accomplice Rule

 Rennaker could not aid in suborning his own perjury nor could he aid in appellant's endeavor to induce such perjury. Further, the so-called "accomplice rule" does not exist in Federal courts. Caminetti v. United States, 1917, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168. Thus, contrary to appellant's contention, convictions in Federal courts may rest upon the uncorroborated testimony of accomplices. Westenrider v. United States, 9 Cir., 1931, 134 F.2d 772, 774. This is the rule in every Federal Circuit,[11] except possibly the First.[12]

We have considered appellant's other contentions of error and find them to be without merit. Affirmed.

McLaughlin, Circuit Judge, dissented in part.

whether the testimony he gave in court was true or false? A. *I think it was false.*" (Emphasis supplied.)

11. See cases digested in 24 Federal Digest, Criminal Law, 508–511 and 1948 Supp.

12. Compare Keliher v. United States, 1 Cir., 1912, 193 F. 8, 15.